IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEYANTA DARBY** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 09-133** |
| | * | |
| **PRINCE GEORGE'S COUNTY, et al.** | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Keyanta Darby has sued Prince George's County, Adam Wyatt, and James Davis, alleging violations of her Fourth, Fifth, and Fourteenth Amendment rights and her rights under 42 U.S.C. § 1983. In response, Defendants collectively filed a Motion to Dismiss and/or Motion for Summary Judgment [Paper No. 30]. Darby failed to respond to the Motion in a timely manner. Despite the fact that the Court thereafter issued a correspondence to Darby directing her to respond to the Motion by March 15, 2010, she has still failed to file an opposition to the Motion.

Having considered Darby's failure to file an opposition or to comply with the Court's correspondence directing her to respond, the Court **GRANTS** Defendants' Motion to Dismiss and/or Motion for Summary Judgment [Paper No. 30].

**I.**

Darby originally filed a Complaint against Prince George's County on January 21, 2009, alleging that her constitutional and civil rights were violated when officers allegedly fondled her when conducting a roadside search. Defendant Prince George's County filed a Motion to

Dismiss, which was granted in part on April 22, 2009. Darby was given leave to amend her Complaint to add several additional counts and to add individual officers Adam Wyatt and James Davis, which she did on September 18, 2009. Thereafter, Defendants collectively filed a Motion to Dismiss and/or Motion for Summary Judgment arguing that the Amended Complaint fails to state a claim upon which relief can be granted and that Defendants Wyatt and Davis enjoy qualified immunity. A scheduling conference was scheduled with the Court for March 4, 2010. When Plaintiff's attorney did not contact the Court on that date, the Court called Plaintiff's attorney who indicated that the case would "probably be dismissed." Subsequently, the Court wrote to counsel indicating that the Court would dismiss the case and grant Defendants' Motion to Dismiss and/or Motion for Summary Judgment [Paper No. 30] unless Plaintiff responded to Defendants' Motion by March 15, 2010. To date, Plaintiff has not filed any opposition to Defendants' Motion.

## II.

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962)* (holding that a district court may invoke Rule 41(b) *sua* sponte). In this case, Darby has done both. First, she failed to respond to Defendants' Motion to Dismiss and/or Motion for Summary Judgment, which appeared to contain meritorious arguments. Then, she failed to respond to the Court's clear directive to file an opposition to Defendants' Motion by March 15, 2010 or the case would be dismissed.

Darby's inability to observe the Court's deadlines is unacceptable. Accordingly, Defendants' Motion to Dismiss is **GRANTED**, and the Complaint against all Defendants is **DISMISSED**.

A separate Order will issue.

                                                                /s/
                                    **PETER J. MESSITTE**
March 26, 2010                   **UNITED STATES DISTRICT JUDGE**